## STATE vs. JACOB FREST.

Residence: evidence of intention to change domicil.

Indictment for illegal voting at the inspector's election in Wilmington, in October, 1844; he not having resided in the State one year next before said election.

*Court.*—Domicil, or residence in a legal sense, is determined by the intention of the party. He cannot have two homes at the same time. When he acquires another he loses that home which he has exchanged for the new one. To effect this change there must be both act and intention. "Mere intention to acquire a new domicil without the fact of removal avails nothing; neither does the fact of removal without the intention." (*Story* 47.) The defendant's *intention* to leave Wilmington did not change his domicil, unless he went to Philadelphia in pursuance of that intention; but if he did go in execution of any intention to leave this State, as his place of residence, and find a home elsewhere, that moment he lost his residence here. What his intention was in this behalf must be collected from his acts and declarations. "If a man is unmarried, that is generally deemed the place of his domicil where he transacts his business, exercises his profession, or assumes municipal duties or privileges. But this rule is of course subject to some qualifications in its application. (*Story* 46.) If, for instance, a mechanic in Wilmington, without any intention of changing his residence, should go to Philadelphia to do a job of work, or to work generally until a job which he had engaged in Wilmington was ready for him, in that case the exercise of his trade in Philadelphia would not be sufficient evidence of his domicil there. But if a person, intending to break up his business in Wilmington and remove to Philadelphia or elsewhere as a home, should go there and exercise his trade, this would be sufficient evidence of a change of domicil, even though he should, before leaving, secure a job of work at Wilmington, and intend to come back for the purpose of doing it. For it is not necessary that a man should determine never to come back, either temporarily or permanently, in order to lose his residence here. "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, as a place of present domicil, it becomes his place of domicil, notwithstanding he may entertain a floating intention to return at some future period." (*Story* 45; 9 *Del. Laws* 379.)

"The place where a person lives is taken to be his domicil, until

other facts establish the contrary. (*Story* 45.) It is for the State, therefore, to satisfy the jury that the defendant in this case, went out of the State with the intention to change his residence and to take up his abode and make his home elsewhere. If they are satisfied that such was the purpose with which the defendant left Wilmington and went to Philadelphia in April, 1844, they ought to convict him; if otherwise he should be acquitted.

As to the act of 1841, and its effect in giving a construction to the constitutional requirement of residence, it would doubtless be inoperative as to any enlargement or restriction of the constitution; but we apprehend that the fourth section of that act announces no more than a general principle of construction applicable to the question of domicil, and almost in the very words of a distinguished writer on constitutional law. (*Story Conf. Laws p.* 45.)

Verdict, not guilty.